UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>SERGEI NAZAROV, et al.<br><br>Debtors. | CASE NO. C10-1816JLR<br><br>Bankruptcy No. 10-10147<br><br>Adversary No. 10-1209 |
| SERGEI NAZAROV,<br><br>Defendant/Appellant,<br><br>v.<br><br>BRONISLAVA GEDULIN, et al.<br><br>Plaintiffs/Appellees. | ORDER |

This matter comes before the court on Defendant/Appellant Sergei Nazarov's motion for leave to appeal (Dkt. # 5). Having reviewed Mr. Nazarov's motion, the response filed by Plaintiffs/Appellees Bronislava Gedulin, Boris Schkoller, and George Gedulin ("Appellees") (Dkt. # 7), the balance of the record, and the relevant law, the court DENIES Mr. Nazarov's motion for leave to appeal (Dkt. # 5).

ORDER - 1

## I. BACKGROUND

This appeal arises out of an adversarial proceeding filed by Appellees in bankruptcy court. On June 25, 2010, Appellees delivered three sets of requests for admission to Mr. Nazarov. Federal Rule of Bankruptcy Procedure 7036, governing requests for admission in bankruptcy cases, incorporates Federal Rule of Civil Procedure 36(3), which in turn provides that "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or attorney." On August 20, 2010, after Mr. Nazarov failed to file timely answers or objections, Appellees filed a motion for an order deeming the requests for admission to be admitted. On September 25, 2010, the bankruptcy court held oral argument on the motion. On October 4, 2010, the bankruptcy court granted Appellees' motion and entered its Order Deeming Requests for Admission to be Admitted ("Order"). The court denied Mr. Nazarov's motion for reconsideration on October 26, 2010.

On November 8, 2010, Mr. Nazarov filed a notice of appeal of the bankruptcy court's Order (Dkt. # 1, Ex. 1 ("Notice of Appeal")) and statement of election to have his appeal heard by the district court pursuant to 28 U.S.C. § 158(c) (Dkt. # 1, Ex. 2 ("Statement of Election")). Because the Order appeared to be an interlocutory order of the bankruptcy court, this court issued an order (Dkt. # 3) directing Mr. Nazarov to file a motion for leave to appeal as required by Federal Rule of Bankruptcy Procedure 8001(b). *See* Fed. R. Bankr. P. 8003(c) ("If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal or direct

that a motion for leave to appeal be filed."). The court directed Appellees to file their response no later than 14 days after Mr. Nazarov filed his motion. (Dkt. # 3.)[1]

## II. ANALYSIS

District courts have jurisdiction to hear appeals (1) from final judgments, orders, and decrees in bankruptcy proceedings; (2) from interlocutory orders issued under 11 U.S.C. § 1121(d); and, (3) with leave of the court, from other interlocutory orders and decrees entered by a bankruptcy judge. 28 U.S.C. § 158(a). As a threshold matter, the court finds that the Order is an interlocutory order governed by 28 U.S.C. § 158(a)(3). A bankruptcy adversary proceeding is akin to an ordinary federal civil action. *See In re Belli*, 268 BR 851, 854-55 (9th Cir. BAP 2001). As a result, "finality for purposes of jurisdiction over 'as of right' appeals under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291." *Id.* at 855. Here, the Order grants Appellees' motion for sanctions as authorized under the Bankruptcy Rules, and the bankruptcy court has not entered final judgment in the adversary proceeding. (*See generally* Docket, *Gedulin v. Nazarov*, Adv. No. 10-01209-SJS (Bankr. W.D. Wash.).) Had the Order been entered in an ordinary federal civil case, it would not be considered a final order, and would not be appealable absent certification from the district court.

---

[1] Mr. Nazarov noted his motion for leave to appeal for consideration on January 7, 2011. (*See* Mot. at 1.) Because the parties have filed the motion and response ordered by the court, however, Mr. Nazarov's motion is now ripe for consideration.

1    Nevertheless, Mr. Nazarov contends that the Order should be deemed final and
2 appealable as of right under 28 U.S.C. § 158(a)(1) because it denied him "the right to be
3 heard on the matter of disputed facts raised by" Appellees, and had the practical effect of
4 granting summary judgment to the Appellees in the adversary proceeding.  (Mot. at 2.)
5 The court notes that Appellees have filed a motion for summary judgment in the
6 adversary proceeding that is set for hearing on January 28, 2011; although the bankruptcy
7 court may grant summary judgment to Appellees, this outcome has not yet been
8 determined.  Under these circumstances, the court sees no reason to treat the Order as a
9 final order.  Accordingly, Mr. Nazarov must show that the interlocutory order is
10 appropriate for immediate appeal.
11    In considering motions for leave to appeal a bankruptcy court's interlocutory order
12 pursuant to 28 U.S.C. § 158(a)(3), district courts look to the standards set forth in 28
13 U.S.C. § 1292, which governs interlocutory appeals from the district courts to the circuit
14 courts.  *See Greenspan v. Orrick, Herrington & Sutcliffe LLP*, Nos. C 09-4256 CRB, C
15 09-4257 CRB, 2010 WL 3448240 (N.D. Cal. Sept. 1, 2010).  Section 1292 permits
16 interlocutory appeals where the order "involves a controlling question of law as to which
17 there is substantial ground for difference of opinion and . . . an immediate appeal from
18 the order may materially advance the ultimate termination of the litigation[.]"  28 U.S.C.
19 § 1292(b).  Mr. Nazarov does not address this test in his motion for leave to appeal.
20    Mr. Nazarov has not met his burden to show that the Order meets the § 1292(b)
21 test.  First, the order does not involve a controlling question of law as to which there is
22 substantial ground for difference of opinion.  Rather, the bankruptcy court entered the

ORDER - 4

Order pursuant to Federal Rule of Bankruptcy Procedure 7036 and Federal Rule of Civil Procedure 36(3) following Mr. Nazarov's failure to respond to the requests for admission in a timely manner. Further, there is no indication that an immediate appeal would materially advance the litigation. Rather, because Appellees' motion for summary judgment is currently pending in the bankruptcy court, this appeal would more likely have the effect of delaying the resolution of the case. Accordingly, the court denies Mr. Nazarov's motion for leave to appeal the interlocutory order of the bankruptcy court.[2]

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Nazarov's motion for leave to appeal (Dkt. # 5).

Dated this 3rd day of January, 2011.

_____
JAMES L. ROBART
United States District Judge

---

[2] The only case Mr. Nazarov cites in support of his motion is inapposite. In *In re Morrissey*, the Ninth Circuit held that the Bankruptcy Appellate Panel ("BAP") did not abuse its discretion when it summarily affirmed the bankruptcy court as a sanction for petitioner's "egregious violations" of the Federal Rules of Bankruptcy Procedure and the Ninth Circuit BAP's local rules. *In re Morrissey*, 349 F.3d 1187, 1190-91 (9th Cir. 2003). *Morrissey* does not address how to determine whether an order is interlocutory, nor does it address the propriety of appeals of interlocutory orders.